**UNITED STATES COURT OF APPEALS**    April 14, 2008

**FOR THE TENTH CIRCUIT**

DOROTHY LEWIS,

          Plaintiff-Appellant,

v.

U.F.C.W. DISTRICT UNION LOCAL
TWO AND EMPLOYERS PENSION
FUND,

          Defendant-Appellee.

No. 07-3288
(D.C. No. 07-CV-4011-KGS)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO** and **PORFILIO**, Circuit Judges, **BRORBY**, Senior Circuit
Judge.

---

      Dorothy Lewis, appearing pro se and in forma pauperis, challenges the

district court's entry of summary judgment in her action to recover additional

payments from her pension fund.  We have jurisdiction under 28 U.S.C. § 1291,

and we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Ms. Lewis worked, often part-time, as a food-store retail clerk from 1996 through 2005. In May 2005, she explored early-retirement options through her union's pension plan, which is maintained by defendant United Food and Commercial Workers District Union Local Two and Employers Pension Fund. The Plan Administrator supplied her with a copy of the Summary Plan Description and an estimate of her projected monthly lifetime payments, based on the benefit credits she earned while working.

As explained in the Summary Plan Description, Ms. Lewis had two choices: the Single Life Option providing for monthly lifetime payments and the Level Income Option, which "coordinates [a] pension with [a] Social Security benefit," in order to "provide[] as closely as possible for a level lifetime pension." R., Doc. 8, Ex. 2, at 31. This option actuarially increases the amount of monthly payments during the period after retirement and before eligibility for social security old age insurance benefits. Plan payments are reduced, and possibly terminated, as soon as social security benefits commence.

In the fall of 2005, Ms. Lewis confirmed her choice of the Level Income Option and indicated her agreement with payments of $518.38 per month until December 2008, when her benefits would terminate. She began to question this calculation in June 2006, however, based on the Social Security Administration's estimate of her monthly social security payment at $820 a month. The Plan

Administrator's response to Ms. Lewis's letters was that the payment amount was proper: her work credits did not qualify her for the full amount of her projected monthly social security payments.

Ms. Lewis remained convinced that she was entitled to a monthly amount equal to her projected social security benefit, followed by additional pension payments throughout her lifetime. Ms. Lewis brought her contentions directly to federal court in spite of the Plan's provision of a two-level claim and appeal procedure, in which the Administrator decides claims and the Trustees decide any appeals (as detailed in the Summary Plan Description provided to Ms. Lewis). Proceeding pro se and in forma pauperis, Ms. Lewis filed a complaint seeking $10 million in actual damages to remedy defendant's allegedly deceptive, misleading, and fraudulent conduct.

The parties filed cross motions for summary judgment. Defendant's motion was premised primarily on Ms. Lewis's failure to exhaust administrative remedies as required by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461, and secondarily on a lack of evidentiary support. Ms. Lewis's motion repeated her theory of wrongdoing on the part of defendant. At the completion of briefing, the district court granted defendant's motion, ruling that Ms. Lewis failed to satisfy the ERISA exhaustion rule. In entering judgment, the court assessed costs of the action to Ms. Lewis.

## II. Discussion

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We review the district court's ruling de novo, viewing the evidence and drawing all reasonable inferences in the light most favorable to the party opposing summary judgment. *Stover v. Martinez*, 382 F.3d 1064, 1070 (10th Cir. 2004). While we construe the filings of a pro se plaintiff liberally, this court will not "construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Ms. Lewis's claim is controlled by "ERISA, a 'comprehensive and reticulated statute' govern[ing] employee benefit plans." *Jewell v. Life Ins. Co. of N. Am.*, 508 F.3d 1303, 1308 (10th Cir. 2007) (quoting *Nachman Corp. v. Pension Benefit Guar. Corp.*, 446 U.S. 359, 361 (1980)), *petition for cert. filed*, 76 U.S.L.W. 3485 (U.S. Feb. 19, 2008) (No. 07-1121). To ensure "national uniformity in fiduciary standards for the administration of employee benefit plans," ERISA includes an "expansive preemption scheme." *Miller v. Monumental Life Ins. Co.*, 502 F.3d 1245, 1249 (10th Cir. 2007). Ms. Lewis's common-law fraud claim is preempted because "the factual basis of [her] cause of action involves an employee benefit plan." *Settles v. Golden Rule Ins. Co.*, 927 F.2d 505, 509 (10th Cir. 1991).

Under ERISA, a plaintiff must exhaust her administrative remedies before seeking judicial relief. *See McGraw v. Prudential Ins. Co.*, 137 F.3d 1253, 1263 (10th Cir. 1998). This requirement "derives from the exhaustion doctrine permeating all judicial review of administrative agency action, and aligns with ERISA's overall structure of placing primary responsibility for claim resolution on fund trustees." *Id.* (citation omitted). Any other procedure would permit "premature judicial interference" and "would impede those internal processes which result in a completed record of decision making for a court to review." *Id.* "The doctrine is necessary to keep from turning every ERISA action, literally, into a federal case." *Whitehead v. Okla. Gas & Elec. Co.*, 187 F.3d 1184, 1190 (10th Cir. 1999) (quotation omitted). Generally, a district court may waive the exhaustion requirement only "where resort to administrative remedies would be clearly useless." *McGraw,* 137 F.3d at 1264 (internal quotation marks omitted).

In summary-judgment proceedings, the district court carefully analyzed the record and the applicable law. The court found that Ms. Lewis had not complied with the Plan's formal procedures and had not shown that compliance would have been futile. Further, her letters to the United States Department of Labor and contacts with the Internal Revenue Service did not fulfill the ERISA requirement of seeking relief from Plan officials. The district court therefore granted judgment in favor of defendant and, as a corollary, denied Ms. Lewis's motion for summary judgment.

We conclude that district court's entry of summary judgment was proper. Our determination is unaffected by Ms. Lewis's challenges to the district court's decisions on the timeliness of defendant's reply brief. Appellate review of this type of decision is for an abuse of discretion. *See, e.g., Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997) (applying abuse of discretion standard to determination of "good cause" for failure to timely serve defendant). And we perceive no abuse of discretion in the district court's determination that defendant's filing was timely.

Ms. Lewis also asserts that, because she was indigent and proceeding in forma pauperis pursuant to 28 U.S.C. § 1915, the district court erred in awarding costs to defendant under Fed. R. Civ. P. 54(d)(1). "We review the district court's award of costs under both § 1915 and Rule 54(d) for an abuse of discretion." *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996). Under the presumption created by Rule 54, "the established rule is that costs are generally awarded to the prevailing party." *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th 2004). "Allowing the commencement of a suit in forma pauperis . . . does not preclude the court from assessing costs at the conclusion of the suit." *Treff,* 74 F.3d at 197 (internal quotation marks and alteration omitted). In this

particular case, the district court did not abuse its discretion in awarding costs to defendant.

The judgment of the district court is AFFIRMED.

Entered for the Court

Wade Brorby
Senior Circuit Judge